Charles J. Leslie, Appellant *v.* The Retirement Board of Allegheny County, Appellee.

Argued March 2, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Melinda E. Martin,* with her *Joseph W. Conway, Conway, Meyer & Cambest,* for appellant.

*Anthony J. Martin, Martin and Martin, P.C.,* for appellee.

OPINION BY JUDGE DOYLE, September 16, 1983:

Charles J. Leslie appeals an order of the Court of Common Pleas of Allegheny County which dismissed exceptions to a non-jury verdict entered in his action in mandamus to compel the Retirement Board of Allegheny County to pay him retirement benefits allegedly due from January 1, 1962 through May 14, 1970 and to refund voluntary monthly contributions he paid during the same period.

Leslie was employed by Allegheny County from April 1, 1936 to February 28, 1943 as a laborer at North Park. From July 2, 1945 to June 30, 1951 he was employed by the Allegheny County Department of Public Works. From July 25, 1951 through December 31, 1961 he was employed as an assessor with the Allegheny Board of Property Assessments, Appeals and Review. The record indicates that Leslie left his employment at this point after being elected to serve on the City Council of the City of Pittsburgh. At his separation from service, Leslie was fifty-one years old and had been employed by the County for at least 23 years.

During his employment, Leslie contributed a percentage of his salary to the Retirement Fund as mandated by the effective legislative enactments. Following his separation from service, during the time he was a Councilman he made monthly voluntary contributions of $25.00 to the Fund, continuing to do so until he reached the age of sixty on May 14, 1970.

The termination of service form completed by the Chairman of the Board of Property Assessments, Appeal and Review, John Smith, indicated that Leslie had resigned his position effective December 31, 1961.

On the same day the termination form was signed, Leslie submitted an application for continued membership in the pension program, as permitted under Section 1710(d) of the Second Class County Code (County Code), Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §4710(d).

Leslie argues that at the time of his resignation he also had the option to apply for a retirement allowance under Section 1710(b) of the County Code, 16 P.S. §4710(b), which provides that when a county employee, with 20 or more years of service and over 50 years of age, and separated from employment through no cause of his own, applies to the Board, entitlement to retirement benefits accrues. The record indicates that since the position as city councilman was not a full-time position, Leslie could have performed his assessor's duties as well as those of councilman. It appears also that there was no legal disability which would have prevented simultaneous performance of both jobs. Leslie urges, however, that he did not continue in his employment as an assessor because he had been informed that it would conflict with his office as councilman. For this reason, he contends, his separation from service was "by reason of no cause or act of his own" and he was therefore eligible to receive a retirement allowance under Section 1710(b).

In support of his contention, Leslie relies on retirement records of one Samuel Strauss, and Leslie's own testimony regarding conversations he had with John Smith, now deceased, discussing his employment status at his termination of service. Objections were raised before the court of common pleas to the relevancy of the Strauss records and the admissibility of Leslie's testimony. Our review of the record and con-

sideration of the arguments of counsel finds us in agreement with the opinion of Judge SILVESTRI for the court of common pleas in disposition of these evidentiary objections. We also agree that Leslie's termination in 1961 was a voluntary resignation,[1] and adopt Judge SILVESTRI's well reasoned analysis:

At the time Leslie terminated his service with the County, two retirement allowance alternatives were available to him, because of his age and the length of his County employment. One option was the course which was chosen by Leslie—i.e., continuing to pay into the retirement fund an amount equal to the monthly contributions paid during the last month of his employment until he reached the age of sixty.

The second option apparently available to Leslie was to submit an application for a retirement allowance pursuant to §4710(b) of the County Code, which provides in relevant part:

". . . (W)hen any county employee has twenty or more years service, not necessarily continuous, and has reached the age of fifty years or upwards, and shall be separated from the service of the county . . . by reason of no cause or act of his or her own, *upon application to the board,* he or she shall thereafter receive, during life . . ., a retirement allowance. . . ." [Emphasis by Judge SILVESTRI.]

The testimony of the plaintiff indicates that his performance as an assessor was satis-

---

[1] Judge SILVESTRI also addressed the issue of whether Leslie was ineligible under Section 1716 of the County Code, 16 P.S. §4716. We point out that because Leslie failed to demonstrate that he had been eligible under Section 1710(b), 16 P.S. §4710(b), it was not necessary to decide whether he was made ineligible by operation of Section 1716, and we do not reach the issue.

factory during the course of his employment in the position and as of the time he left the employ of the County, that his position as a councilman was not a full-time position, and that he could have fulfilled the assessor's duties as well as his duties as a councilman. It would appear there was no legal disability which would have prevented him from simultaneously performing as a councilman and an assessor; however, Leslie maintains he did not continue his employment with the County because he had been informed he could not continue his employment as an assessor following his election to City Council.

During the period he was on City Council, Leslie did not receive a reduced pension benefit under §4710(b) for which he might have been eligible if he could have shown he was separated from service through no cause or act of his own and if he had submitted an application for the early retirement allowance.

. . . .

The most critical difference between the retirement records and Strauss and Leslie, however, is demonstrated by a comparison of the termination of service forms submitted by the respective heads of the department in which they were employed. As noted above, Strauss' records indicate the reason for termination as involuntary retirement; where as Leslie's records indicate he had resigned his position. Inasmuch as the issue in the action is whether or not Leslie was eligible for immediate retirement benefits as of the time he terminated his service with the County and Leslie's retirement

records are before us, we find Strauss' records to be irrelevant.

. . . .

Even assuming, arguendo, Leslie's testimony as to the conversations he had with Smith would be admissible, we would not find Leslie's testimony to be reliable in light of his testimony that he had not discussed his retirement status with a member of the Board and that he personally knew other elected officials in the department and inasmuch as the record reveals Leslie voluntarily decided to resign from his position.

The record indicates that Leslie addressed a letter to the Board, dated September 14, 1961, requesting a check of his employment record in order to determine the status of his pension rights in the event he would resign on December 31, 1961. The letter demonstrates Leslie was aware of the possibility of voluntary resignation and was aware the Board would be able to apprise him of his retirement status. Leslie also recognized that had he decided to receive his retirement allowance while serving as a city councilman, it would have been a questionable political decision—although he stated he might have decided to take advantage of it. Accordingly, we find Leslie's testimony and evidence do not meet his burden of proof to support his cause of action for the alleged breach from the refusal of the Board to pay a monthly retirement allowance during the period from January 1962 to May 1970.

*Leslie v. Retirement Board of Allegheny County* (No. GD 79-8518, Issue No. 110741, filed April 22, 1982), slip. op. at 4-16.

Accordingly, we affirm.

ORDER

Now, September 16, 1983, the order of the Court of Common Pleas of Allegheny County in the above referenced matter, dated April 22, 1982, is hereby affirmed.